UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SANTANA LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-1551-SEB-DKL |
| | ) | |
| PANIOLO ENTERPRISES, INC., d/b/a | ) | |
| Club Liquid, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| CENTURY SURETY COMPANY, | ) | |
| | ) | |
| Garnishee-Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

This cause is before the Court on cross-motions for summary judgment. On February 28, 2011, Garnishee-Defendant, Century Surety Company ("Century"), filed a Motion for Summary Judgment [Docket No. 16],[1] seeking dismissal of all claims and causes of action asserted against it by Plaintiff, Santana Lopez, in his Verified Motion for Proceedings Supplemental on the grounds that, as a matter of law, the Commercial Lines Policy of Insurance (Policy Number CCP348861) issued by Century to Plaintiff's judgment debtor, Paniolo Enterprises, Inc., d/b/a Club Liquid ("Paniolo"), does not

---

[1] Also on February 28, 2011, Century filed a Motion for Oral Argument [Docket No. 18]. Because we are able to reach our decision based upon the parties' briefing and submitted evidence, oral argument on the issues before us is unnecessary. Accordingly, Century's Motion for Oral Argument is hereby <u>DENIED</u>.

provide insurance coverage for the personal injury damages agreed to in the Consent Judgment entered into between Plaintiff and Paniolo.

Subsequently, on April 26, 2011, Plaintiff filed a Motion for Summary Judgment [Docket No. 21], seeking a declaratory judgment that there is in fact coverage under the Commercial Lines Policy of insurance for the injuries and damages agreed to as part of the Consent Judgment. For the reasons detailed in this entry, we <u>DENY</u> Garnishee-Defendant's Motion for Summary Judgment and <u>GRANT</u> Plaintiff's Motion for Summary Judgment.

## **Factual Background**

On May 15, 2007, Lopez filed suit against Paniolo in Marion Superior Court, alleging that, on November 13, 2005, while he was a patron at Club Liquid, a business establishment owned and operated by Paniolo, "several bouncers employed by Club Liquid grabbed [him], knocking him to the ground, causing severe injuries." Docket No. 17-3 (State Court Complaint) ¶ 3. Lopez further alleged that Paniolo, its agents and employees "were negligent in restraining and pushing [him] to the ground" and "were negligent in failing to properly hire, train and supervise [their] employees." <u>Id.</u> ¶¶ 4-5. Lopez claimed that "as a direct and proximate result of [Paniolo's] negligence, [he] was injured, has incurred medical expenses, pain and suffering, permanent injury, and may incur medical expenses in the future." <u>Id.</u> ¶ 6.

At the time of the incident, Paniolo had a commercial lines policy of insurance issued by Century, policy number CCP348861 ("the Policy"), that was in full force and

effect. The Policy provides in relevant part as follows:

> **SECTION 1 - COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.  Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>
> \*   \*   \*
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> \*   \*   \*
>
> **SECTION V - DEFINITIONS**
>
> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Docket No. 17-1 at 15, 28.[2]

The Policy also carries the Commercial General Liability Endorsement No. CGL 1704 02 02 issued to Paniolo by Century, which provides in relevant part as follows:

---

[2] For purposes of this motion only, Century has admitted that the event giving rise to Lopez's alleged personal injuries falls within the Policy's definition of an "occurrence."

3

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

**EXCLUSION – ASSAULT AND BATTERY**

This endorsement modified the insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**1.** This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from:

> **(a)** any actual, threatened, or alleged assault or battery;
>
> **(b)** the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assaults or battery;
>
> **(c)** the failure of any insured or anyone else for whom any insured is or could be held liable to render or secure medical treatment necessitated by any assault or battery;
>
> **(d)** the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;
>
> **(e)** the negligent:
>
>> **(i)** employment;
>> **(ii)** investigation;
>> **(iii)** supervision;
>> **(iv)** training;
>> **(v)** retention;
>
>> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **1. (a), (b), (c) or (d)** above;
>
> **(f)** any other cause of action or claim arising out of or as a result of **1. (a), (b), (c), (d) or (e)** above.

> **2.** We shall have no duty to defend or indemnify any claim, demand, suit, action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:
>
>> **(a)** any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or batter-related cause.
>>
>> **(b)** any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of the injury.
>>
>> **(c)** any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.

Id. at 12.

On May 24, 2007, after receiving timely notification of the lawsuit from Paniolo, Century sent a letter to Richard Raasch of Paniolo disclaiming coverage and declining to provide a defense. Upon receiving this letter, Paniolo retained private counsel, who entered an appearance and filed an answer to Lopez's complaint. On November 4, 2008, Century again gave written notice to Mr. Raasch and Paniolo's privately retained counsel that it was declining any coverage for Lopez's injuries and damages and would not provide a defense to Paniolo.

On September 1, 2010, Lopez and Paniolo entered into a consent judgment, agreeing that Lopez had incurred injuries and damages, including but not limited to pain and suffering, medical expense, loss of physical function, and probable future medical expenses, the value of which the parties agreed to be $125,000.00. On September 2,

5

2010, the judge approved the consent judgment which included an agreement to the following facts and conclusions of law: On November 13, 2005, Lopez was inside Club Liquid when he went to use the restroom before leaving. Upon exiting the restroom, several bouncers employed by Club Liquid attempted to restrain Lopez, knocking him to the ground and causing severe injuries. Docket No. 17-4 (Consent Judgment) ¶ 4. Paniolo, its agents, and employees were negligent in restraining Lopez and in failing to properly hire, train, and supervise their employees. Id. ¶¶ 5-6. As a direct and proximate result of Paniolo's negligence, Lopez was injured, incurred medical expenses, pain and suffering, and permanent injury. Specifically, Lopez sustained a displaced, closed right patella fracture and a non-displaced midshaft left ulnar fracture, incurring $32,089.89 in medical expenses for treatment of his injuries. It was agreed that Lopez may continue to incur medical expenses into the future. Id. ¶¶ 7-9.

On November 1, 2010, Lopez filed a Verified Motion for Proceedings Supplemental in Marion Superior Court, naming Century as a garnishee defendant. On December 1, 2010, the case was removed to this court. Century denies that it is obligated to satisfy any judgment against Paniolo because coverage for Lopez's personal injury damages is clearly excluded under the assault and battery provision of the Policy.

## **Legal Analysis**

### I. **Standard of Review**

Interpretation of written contracts, such as insurance policies, is typically a matter of law and particularly appropriate for resolution by summary judgment. Hurst-Rosche

Engineers, Inc. v. Commercial Union Ins. Co., 51 F.3d 1336, 1342 (7th Cir. 1995). Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Because these are cross-motions for summary judgment and the same Rule 56 standards apply, our review of the record requires us to draw all inferences in favor of the party against whom a particular issue in the motion under consideration is asserted. See O'Regan v. Arbitration Forums, Inc., 246 F.3d 975, 983 (7th Cir. 2001) (citing Hendricks-Robinson v. Excel Corp., 154 F.3d 685, 692 (7th Cir. 1998)).

**II.    Discussion**

Lopez first argues the Century is collaterally estopped from raising for the first time at the proceedings supplemental the question of whether Paniolo is covered by the Policy. Under Indiana law,[3] "'[t]he doctrine of collateral estoppel applies to insurance contracts and an insurer is ordinarily bound by the result of litigation to which its insured is a party, so long as the insurer had notice and opportunity to control the proceedings.'" Kelly v. Hamilton, 816 N.E.2d 1188, 1191 (Ind. Ct. App. 2004) (quoting State Farm Fire

---

[3] The parties agree that Indiana law governs this dispute.

& Cas. Co. v. T.B., 762 N.E.2d 1227, 1231 (Ind. 2002)). An insurer may of course decline to defend an insured party in a lawsuit if, after it has investigated the complaint, it determines that the claim is "patently outside the risks covered by the policy." Liberty Mut. Ins. Co. v. Metzler, 586 N.E.2d 897, 901 (Ind. Ct. App. 1992). However, "[a]n insurer, after making an independent determination that it has no duty to defend, must protect its interest by either filing a declaratory judgment action for a judicial determination of its obligations under the policy or hire independent counsel and defend its insured under a reservation of rights." Id. at 902 (citations omitted). If the insurer pursues neither course of action, it does so at its own peril, because the insurer will then be "bound at least to the matters necessarily determined in the lawsuit." Frankenmuth Mut. Ins. Co. v. Williams, 645 N.E.2d 605, 608 (Ind. 1995) (citation omitted).

In the case at bar, Century denies that its policy covered the claims against Paniolo. To avoid being bound by any judgment rendered against Paniolo, Century could have either defended Paniolo under a reservation of rights in the underlying action or filed a declaratory judgment action for a judicial determination of its obligations under the policy. See State Farm, 762 N.E.2d at 1231. Rather than pursuing either of these options, Century instead refused to defend Paniolo, an action that it undertook at its own peril as it is now bound at least to the matters necessarily determined in the consent judgment. See id.

Here, the consent judgment entry determined that Paniolo was negligent in restraining Lopez and in training its employees, that Paniolo's negligence was the

8

proximate cause of Lopez's injuries, and that damages stemming from Lopez's injuries amounted to $125,000. The complaint stated a cause of action solely in neglience; thus, a finding that Paniolo was liable necessarily required a finding of negligence. Progressive Cas. Ins. Co. v. Morris, 603 N.E.2d 1380, 1384 (Ind. Ct. App. 1992). Accordingly, Century is bound by those findings and is collaterally estopped from disputing those conclusions as a defense to coverage. See Frankenmuth Mut. Ins. Co. v. Williams, 690 N.E.2d 675, 678-79 (Ind. 1997) (holding that the consent judgment at issue represented a final legal conclusion as to the matters decided therein).

However, because the issue of whether Century's policy covered the claims against Paniolo was not at issue in the complaint, nor was it addressed or decided by the consent judgment, Century is not collaterally estopped from arguing that the nature of damages incurred by Lopez *as outlined by the consent judgment* are excluded by the policy. See Foreman v. Jongkind Bros., Inc., 625 N.E.2d 463 (Ind. Ct. App. 1993) (holding that the trial court's finding of negligence in the default judgment entry supported conclusion that the claim was outside the policy coverage and the issue of coverage had not been previously addressed). Century has failed to make such a showing here.

Century's main argument in support of its motion for summary judgment is basically an attack on the finding of negligence in the consent judgment. Specifically, Century argues that the allegations in Lopez's complaint in the underlying litigation bring his claim squarely within the Policy's assault and battery exclusion and that Lopez cannot

9

avoid application of the exclusion simply by having framed his complaint to recover only for negligence, which claim he resolved ultimately by a consent decree.[4] Had Century filed a declaratory action after making its independent determination that it had no duty to defend, these arguments could have been raised and resolved in that proceeding. Having failed to do so, Century is now out of luck given the clarity of the holding by the Indiana Court of Appeals in <u>Metzler</u>, stating that, although an insurer is well within its rights to refuse to defend, the caselaw "does not hold that an insurer's exercise of its right not to defend its insured will operate to bar collateral estoppel." 586 N.E.2d at 901. In order to avoid collateral estoppel, the <u>Metzler</u> court ruled: "An insurer, after making an independent determination that it has no duty to defend, *must* protect its interest by *either* filing a declaratory judgment action for a judicial determination of its obligations under the policy *or* hire independent counsel and defend its insured under a reservation of rights." <u>Id.</u> at 902 (emphasis added) (citations omitted). This requirement under Indiana law that the insurer choose one of these options after determining that a claim is clearly not covered under the policy obviously places the burden on the insurer to act to protect its own rights. In light of this clear precedent, Century was on notice that, if it failed to protect its interests by pursuing one of these options available to it, it would do so at its peril. Because Century merely refused to defend, it is now bound by the findings in the

---

[4] Century relies heavily on the analysis set forth in <u>Smock v. American Equity Ins. Co.</u>, 748 N.E.2d 432 (Ind. Ct. App. 2001) and <u>Acceptance Indemnity Ins. Co. v. Yuddin</u>, 2009 WL 3756926 (N.D. Ind. Nov. 9, 2009) to support its contentions. However, those opinions are inapposite because in each of those cases the insurers had chosen to file declaratory actions to determine their obligations, and thus, collateral estoppel was not an issue.

consent judgment establishing Paniolo's liability based on its negligence, both in relation to the restraint of Lopez and in the hiring and training of its employees, resulting in Lopez's injuries as the direct and proximate result of Paniolo's negligence. The only remaining question therefore is whether Lopez's damages which he incurred based on Paniolo's negligence as defined by the consent judgment fall within the Policy's assault and battery exclusion.

The interpretation of an insurance policy is a matter of law. Westfield Companies v. Knapp, 804 N.E.2d 1270, 1273-74 (Ind. Ct. App. 2004). Insurance contract provisions are subject to the same rules of construction as other contracts. Thus, courts must construe insurance policies as a whole, rather than considering individual words, phrases, or paragraphs. Id. at 1274. If the contract language is clear and unambiguous, it should be given its plain and ordinary meaning. Newnam Mfg., Inc. v. Transcontinental Ins. Co., 871 N.E.2d 396, 401 (Ind. Ct. App. 2007).

The assault and battery exclusion contained in Century's policy is very broad, barring coverage for bodily injury arising out of or resulting from, *inter alia*, (1) any actual, threatened, or alleged assault and battery; and/or (2) any failure to suppress or prevent assault or battery; and/or (3) negligent employment, supervision, training or retention of a person who commits assault or battery; and/or (4) and any other cause of action or claim arising out of or as a result of any such acts or omissions. The Policy further provides that Century will have no duty to defend or indemnify where the alleged bodily injury arises out of: (1) "any combination of an assault or battery-related cause and

a non-assault or battery-related cause"; (2) "a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of the injury"; and/or (3) "assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury."

Clearly, this provision is not triggered only when the cause of action explicitly alleges an intentional assault or battery. However, despite its breadth, in order to be excluded from coverage under any of the subsections of the exclusion, an assault or battery (either alleged or actual) must have at least caused or contributed to the injury or be part of a chain of events that did. Here, Lopez never alleged an assault or battery in his complaint and the consent judgment represents a final conclusion that the action which caused Lopez's injuries, to wit, the bouncers' restraint of Lopez, was negligent. Under Indiana law, negligence and battery are mutually exclusive. Boruff v. Jesseph, 576 N.E.2d 1297, 1298 n.3 (Ind. Ct. App. 1991) ("Negligent battery, of course, does not exist: battery is an intentional tort, not a tort of negligence.") (citation omitted). Thus, any argument that the underlying act could be both negligent and battery is precluded.[5] Accordingly, based on the consent judgment's determination of negligence, we cannot find that Lopez's damages are excluded from coverage under the Policy's assault and battery provision.

---

[5] Century argues that, even if Paniolo's negligent restraint of Lopez is covered by the Policy, Lopez's claim against Paniolo for negligent hiring and training is specifically excluded by the assault and battery provision. However, that clause excludes coverage for the negligent hiring and training of an employee *who committed assault or battery*. Because the consent judgment found that Paniolo's bouncers were merely negligent, Century's argument fails.

**III. Conclusion**

For these reasons, we GRANT Plaintiff's Motion for Summary Judgment and DENY Garnishee-Defendant's Motion for Summary Judgment. As the garnishee-defendant, Century Surety Company is HEREBY ORDERED to pay, in accordance with the terms of the Policy, the judgment entered against Paniolo Enterprises, Inc., d/b/a Club Liquid, as insured by Century, and in favor of Santana Lopez. Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: 09/27/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

Richard L. Brown Jr.
BROWN TOMPKINS LORY & MASTRIAN
rbrown@btlmlaw.com

Kimbley A. Kearney
CLAUSEN MILLER PC
kkearney@clausen.com

Margaret J. Orbon
CLAUSEN MILLER, P.C.
morbon@clausen.com

Christopher A. Pearcy
HUME, SMITH, GEDDES, GREEN & SIMMONS, LLP
cpearcy@humesmith.com

Christopher D. Wyant
BROWN TOMPKINS LORY & MASTRIAN
cwyant@btlmlaw.com